Pursuant to R.C. 2953.08, defendant-appellant, Clark S. Kendrick, appeals the sentences imposed upon him by the Butler County Court of Common Pleas as contrary to law. Upon review, we sustain appellant's assignment of error and remand this matter to the trial court for proper sentencing.
In the early morning hours of January 2, 1998, appellant was arrested and charged as follows: Count One — a violation of R.C.2913.51(A), receiving stolen property; Count Two — a violation of R.C. 4511.19(A)(1), driving under the influence of alcohol; Count Three — a violation of R.C. 4511.19(A)(3), driving under the influence of alcohol; and Count Four — a violation of R.C.4507.02(B), driving while license is suspended or revoked. Appellant was indicted on all four counts, and filed a motion to suppress evidence, which was denied by the trial court. Following plea negotiations, appellant entered guilty pleas on Count One, receiving stolen property, a first degree misdemeanor, and Count Two, driving under the influence of alcohol in violation of R.C. 4511.19(A)(1), a fourth degree felony.[1] In exchange for appellant's guilty pleas, Count Three was merged into Count Two and Count Four was dismissed.
On April 30, 1998, the trial court held a sentencing hearing and filed its judgment of conviction entry. The entry stated in part:
 The court finds that the defendant has been convicted of DRIVING UNDER THE INFLUENCE OF ALCOHOL — 4TH OFFENSE, as charged in COUNT TWO, a violation of Revised Code Section 4511.19-(A)(1), a felony of the fourth degree subject to division (B) of section 2929.13 of the Ohio Revised Code, and RECEIVING STOLEN PROPERTY, a lesser included offense than that charged in COUNT ONE, a violation of Revised Code Section 2913.51(A), a misdemeanor of the first degree subject to Section 2929.22 of the Ohio Revised Code. * * *
 After consideration of the factors under Revised Code Section 2929.12, the Court also finds that a community control sanction is consistent with the purposes of Revised Code Section 2929.11 and that the defendant is amenable to available community control sanction.
 It is therefore ordered that the defendant be sentenced to FIVE (5) YEARS OF COMMUNITY CONTROL subject to the general supervision ad control of the Adult Probation Department under any terms and conditions that they deem appropriate, including that the defendant shall be prohibited from leaving the state without permission of the Court or the Adult Probation Department.
* * *
 The Court further ORDERS specific sanctions and conditions as follows:
AS TO COUNT TWO:
 *Serve a term of One (1) year in the Butler County Jail, Hamilton, Ohio. *Pay a fine in the amount of $2,000.00.
AS TO COUNT ONE:
 *Serve a term of Six (6) months in the Butler County Jail, Hamilton, Ohio, which is to run concurrent with sentence imposed in Count Two. *Serve one term at the Resolution Center. *Serve one term of Day Reporting through the Butler County Adult Probation Department. *Serve a term of One (1) year Intensive Supervision Probation followed by *Serving a term of Four (4) years Basic Supervision Probation. *Pay a fine in the amount of $1,000.00. *Pay restitution in the amount of $128.00. *Undergo random drug testing.
* * *
(Emphasis sic.) No portion of either sentence was suspended.
In his sole assignment of error, appellant contends that the trial court erred by imposing a sentence in excess of that provided by law for the offenses of which he stands convicted. Appellant's assignment of error essentially challenges the appropriateness of his sentence, pursuant to Am.Sub.S.B. No. 2 ("Senate Bill 2"), found in R.C. 2929.11 through 2929.19. Because Senate Bill 2 consists of a series of changes to Ohio's felony sentencing procedures, we begin our analysis by examining the felony sentence imposed upon appellant pursuant to R.C.4511.99(A)(4)(a).
R.C. 4511.99(A)(4)(a) imposes a mandatory term of incarceration for fourth degree felony OMVI offenders. Specifically:
 * * * The court shall sentence the offender in accordance with sections 2929.11 to 2929.19 of the Revised Code and shall impose as part of the sentence a mandatory term of local incarceration of sixty consecutive days of imprison ment in accordance with division (G)(1) of section 2929.13 of the Revised Code * * *.[2]
(Emphasis added.) Thus, as required by the statute, we turn our attention to the applicable sections of Senate Bill 2.
The first provision of Senate Bill 2 that is applicable to the instant case is R.C. 2929.13(A). R.C. 2929.13(A) provides in part:
 If the offender is being sentenced for a fourth degree felony OMVI offense, in addition to the mandatory term of local incarceration * * * required for the offense by division (G)(1) * * * of this section, the court shall impose upon the offender a mandatory fine in accordance with division (B)(3) of section 2929.18 of the Revised Code and may impose whichever of the following that is applicable:
 (1) If division (G)(1) of this section requires that the offender be sentenced to a mandatory term of local incarceration, an additional community control sanction or combination of community control sanctions under section 2929.16
or 2929.17 of the Revised Code.
(Emphasis added.) Accordingly, under this provision the sentencing court has been given the discretion to not only impose a "mandatory term of local incarceration of sixty days," R.C. 4511.99(A)(4)(a), but also to impose community control sanctions.
R.C. 2929.01(F) defines "community control sanction" as any "sanction that is not a prison term and that is described in section 2929.15, 2929.16, 2929.17, or 2929.18 of the Revised Code." Furthermore R.C. 2929.15, which addresses "Community control," provides that "[t]he duration of all community control sanctions imposed upon an offender shall not exceed five years." R.C. 2929.15(A).
Yet one more applicable provision of Senate Bill 2 must be examined before our analysis of appellant's sentence can begin in earnest; R.C. 2929.16(A). R.C. 2929.16(A) addresses "Residential sanctions" and provides:
 The court imposing sentence for a fourth degree felony OMVI offense upon an offender * * * may impose upon the offender, in addition to the mandatory term of local incarceration, a community residential sanction or combination of community residential sanctions under this section * * *. Community residential sanctions include, but are not limited to the following:
* * *
 (3) If the offender is convicted of a fourth degree felony OMVI offense and is sentenced pursuant to division (G)(1) of section 2929.19
of the Revised Code, a term of up to one year in jail less the mandatory term of local incarceration of sixty consecutive days of imprisonment imposed pursuant to that division.
(Emphasis added).
Accordingly, upon analysis of the applicable provisions of Senate Bill 2, we find that under Count Two (appellant's first felony OMVI conviction), the trial court, in addition to a fine, could have properly sentenced appellant to (1) a "mandatory term of local incarceration of sixty days" as specified in division (A)(4) of section 4511.99 of the Revised Code, (2) "up to one year in jail" as specified in division (A)(3) of section of2929.16 of the Revised Code, and (3) community control sanctions, "not exceed[ing] five years" as specified in division (A)(1) of Section 2929.15 of the Revised Code.
Turning our attention to the trial court's judgment of conviction entry, we find that appellant's OMVI fourth degree felony conviction resulted in a sentence of one year in the Butler County Jail and a $2,000 fine. Thus, from the face of the conviction entry, the trial court did not impose a sentence in excess of that provided by law with respect to Count Two.
We now turn our attention to the trial court's imposition of imprisonment and fine pursuant to Count One, receiving stolen property, a first degree misdemeanor. Under Count One, the trial court sentenced appellant to six months in the Butler County Jail, one term at the Resolution Center, one term of "Day Reporting," one year Intensive Supervision Probation followed by four years Basic Supervision Probation, ordered appellant to pay a $1,000 fine, $128 in restitution, and further ordered appellant to undergo random drug testing.
Appellant's first degree misdemeanor sentence amounts to the maximum imprisonment and fine allowed. R.C. 2929.21(B)(1) provides that the term of imprisonment for a first degree misdemeanor is not to be "more than six months," while R.C.2929.21(C)(1) provides that the fine for a first degree misdemeanor is not to be "more than one thousand dollars."
Furthermore, R.C. 2929.51, which provides authority for the modification of sentences, clearly states:
 (A) At the time of sentencing and after sentencing, when imprisonment is imposed for a misdemeanor, the court may do any of the following:
 (1) Suspend the sentence and place the offender on probation pursuant to section 2951.03 of the Revised Code.
With respect to the imposition of fines, R.C. 2929.51 states:
 (C) At the time of sentencing and after sentencing, when a fine is imposed for a misdemeanor, the court may do any of the following:
 (1) Suspend all or any portion of the fine, upon any conditions that the court imposes in the interests of justice and the correction and rehabilitation of the offender.
However, in the instant case, not only was appellant handed the maximum term of imprisonment and fine allowed for the commission of a first degree misdemeanor, but he was also given a term at the Resolution Center, a term of day reporting, a combined five years of probation, and ordered to undergo random drug testing.
Pursuant to the clear language of R.C. 2929.51, we find that the trial court did not have the authority to impose probation, or any other form of rehabilitation upon appellant without first suspending a portion of his sentence and/or fine. We note at this point that several other courts of appeal have interpreted these statutes in an analogous manner. See State v. Freshwater (June 26, 1998), Lake App. No. 97-L-218, unreported; State v. Savchuk (Sept. 15, 1995), Lake App. No. 93-L-187, unreported; State v. Chrystal (June 2, 1989), Mahoning App. No. 88 C.A. 131, unreported. Accordingly, upon inspection of the conviction entry, we find that the trial court erroneously imposed a sentence in excess of that provided by law with respect to Count One, receiving stolen property, a first degree misdemeanor.
Even if this court were to assume, as both parties did in their briefs and at oral argument, that the trial court actually sentenced appellant to one year in jail, a $2,000 fine, a term at the Resolution Center, a term of Day Reporting, five years of combined probation, and random drug testing pursuant to his OMVI felony conviction, we would still be forced to find that the trial court erroneously imposed a sentence in excess of that provided by law. While we recognize that all of the additional sanctions imposed upon appellant qualify as "community control sanctions," as defined and authorized by provisions of Senate Bill 2, we also note that as such, they would be controlled in application by R.C. 2929.15(A), which prohibits the imposition of community control sanctions in excess of five years. Appellant has been sentenced to one year of intensive supervision probation and four years of basic probation for a combined total of five years of probation alone, not to mention terms at the Resolution Center and Day Reporting for undefined lengths of time. Additionally, R.C. 2929.16 defines "community residential sanctions" as the period of local incarceration to which an offender is sentenced "less the mandatory term of local incarceration of sixty consecutive days of imprisonment" required pursuant to R.C. 4911.99. In the instant case, that amounts to a total of three hundred and five days of community residential sanctions that, according to statutory provisions, would necessarily have to be included in any calculation of community control sanctions.
Therefore, we sustain appellant's sole assignment of error and find that the trial court imposed a sentence upon appellant that was in excess of that provided by law. Accordingly, this matter is reversed and remanded to the trial court for sentencing not inconsistent with this opinion.
KOEHLER and WALSH, JJ., concur.
[1] Because, in the six years prior to entering his guilty plea in the instant case, appellant had "been convicted of or pleaded guilty to three or more violations" of R.C. 4511.19, pursuant to R.C. 4511.99(A)(4)(a), his plea resulted in a mandatory fourth degree felony conviction.
[2] 2929.13(G)(1) mandates that for an offender's first felony OMVI conviction, the offender shall serve his/her "mandatory term of local incarceration of sixty days as specified in division (A)(4) of section 4511.99 of the Revised Code * * * in a jail, a community-based correctional facility, a halfway house, or an alternative residential facility." The offender is not to be sentenced to a prison term.
Subsection (G)(1)stands in contrast to subsection (G)(2) which mandates that for any subsequent felony OMVI convictions, the offender must serve his/her "mandatory term of local incarceration of sixty days as specified in division (A)(4) of section 4511.99 of the Revised Code" in prison.